IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2009-FL

| | |
|---|---|
| JONATHAN EUGENE BRUNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GEORGE SOLOMON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter came before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 10) filed by respondent George Solomon ("respondent"). Also before the court are petitioner's motion for production of privileged documents (DE 8) and motion to amend (DE 13). The motion to dismiss was fully briefed, but respondent did not respond to petitioner's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants petitioner's motion to amend, grants respondent's motion to dismiss, and denies petitioner's motion for production of privileged documents.

**STATEMENT OF CASE**

On June 17, 2011, in the Cumberland County Superior Court, petitioner was convicted, following a jury trial, of the following: (1) attempted statutory rape of a 13 year old; (2) eight counts of sexual activity by a substitute parent by cunnilingus and fellatio; (3) seven counts of taking indecent liberties with a child; (4) statutory sexual offense of a 14 year old by cunnilingus, fellatio, and penetration; (5) four counts of committing a crime against nature by cunnilingus and fellatio;

(6) four counts of statutory sexual offense of a 15 year old by cunnilingus, fellatio, and penetration; and (7) attempted statutory rape of a 15 year old. See State v. Brunson, __ N.C. App. __, 727 S.E.2d 916, 918 (2012).

Petitioner subsequently filed a notice of appeal to the North Carolina Court of Appeals. Id. On February 27, 2012, petitioner filed a motion for appropriate relief ("MAR") in the court of appeals. Id. at 918, n.2. On July 17, 2012, the court of appeals affirmed petitioner's convictions and sentence. Id. at 922. In that same opinion, the court of appeals dismissed without prejudice petitioner's MAR to allow petitioner to file the motion with the trial court. Id. at 918, n.2.

On August 2, 2012, petitioner's criminal appellate attorney forwarded petitioner's criminal file to NCPLS, and notified petitioner that NCPLS attorney Sarah Jessica Farber ("Farber") took over petitioner's case for post-conviction proceedings. (See Resp. (DE 14) Ex. F.) On the same date, Farber contacted petitioner by letter and informed petitioner that she was reviewing his request for post-conviction assistance. (Id. Ex. G.) Farber also requested that petitioner not file any motions on petitioner's own behalf because it could prevent her from filing for relief on his behalf. (Id.)

On August 27, 2012, petitioner filed a status update in a related civil rights action, Brunson v. the North Carolina Department of Social Services, No. 5:09-HC-3063-FL (E.D.N.C. dismissed, Aug. 30, 2013), stating that his state court criminal proceedings had "entered the post-conviction stage" and informed the court that he was preparing to file an MAR in the superior court. (Reps't's Mem. Ex. D.) Petitioner also wrote to "Farber several times to remind her of [his] statutory deadline to file habeas corpus, but attorney Farber never responded." (Pet. p. 38.)

On September 30, 2013, NCPLS attorney Dawn Blagrove ("Blagrove") sent petitioner a letter stating that she had not completed her review of petitioner's case. (Resp. (DE 14) Ex. H.) Blagrove's letter also stated: Based upon my initial review and research, I do not believe you have

legal grounds for challenging your conviction . . . . I need to continue to research, however, I think you representing yourself creates a major obstacle. . . . In the meantime, I ask again for your patience and to not file any motions on your own at this time." (Id.) "At this juncture, [petitioner] decided to terminate [his] relationship with NCPLS for sabotaging [his] deadline to file [his] petition for habeas corpus." (Pet. p. 28.)

On October 17, 2013, petitioner filed a *pro se* MAR in the Cumberland County Superior Court, which was denied on November 25, 2013. (Pet. pp. 3, 4.) On December 10, 2013, petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals, which was denied on December 23, 2013. (Resp't's Mem. Ex. C.)

On January 9, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his § 2254 petition: (1) the state failed to receive an evidence report of abuse as required pursuant to N.C. Gen. Stat. § 7B-307(a); (2) the trial court lacked personal and subject matter jurisdiction due to the state's failure to take testimony and oath from detective Hamilton and Guedalia; (3) the arrest warrant was not supported by probable cause; (4) the indictments were not supported by probable cause; (5) the state used evidence obtained pursuant to an unlawful arrest; (6) the state denied petitioner his right to present evidence in his own defense; (7) the state failed to disclose exculpatory evidence; and (8) the grand jury proceedings were unconstitutional. On June 30, 2014, petitioner filed a motion for the production of privileged documents.

Respondent subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that petitioner's habeas petition should be dismissed because it was filed outside of the statute of limitations, and therefore is time-barred. The issues raised were fully

briefed. Finally, petitioner filed a motion to amend to correct the name of the proper party respondent.

**DISCUSSION**

A.     Motion to Amend

Petitioner moved the court to amend his petition to include Secretary of Public Safety Frank L. Perry as a party to this action. Petitioner's motion is GRANTED. See Fed. R. Civ. P. 15(a).

B.     Motion for the Production of Privileged Documents

Petitioner requests that the court compel respondent to produce six privileged documents. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery[.]" Rules Governing § 2254 Cases, Rule 6(a). Additionally, "[a] party requesting discovery must provide reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery is DENIED.

C.     Motion to Dismiss for Summary Judgment

    1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments."
Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). On a motion to dismiss, courts "may properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

      2.     Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals affirmed petitioner's conviction and sentence on July 17, 2012. Petitioner then had 35 days, until August 21, 2012, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20

days after written opinion unless court orders otherwise). Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional 90 days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S.Ct. 641, 654-655 (2012). Thus, petitioner's conviction became final on August 21, 2012, when his case became final for purposes of direct appellate review. The statute of limitations then began to run and ran for 365 days until it expired on August 21, 2013.

Petitioner's October 17, 2013, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271(4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the

Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner contends that he is entitled to equitable tolling for the time period that he was waiting for North Carolina Prisoner Legal Services ("NCPLS") to review his criminal proceedings to determine whether it would provide him assistance in seeking post-conviction relief. However, mere delays in seeking legal advice from NCPLS generally, does not warrant equitable tolling. See Smith v. Dail, No. 1:13CV911, 2014 WL 2442072, at *4 (M.D.N.C. May 30, 2014) ("Petitioner [] fails to explain why–if NCPLS did discourage him from filing–it took him so long to sort through any confusion on this issue and actually file."), appeal dismissed, 584 F. App'x 86 (4th Cir. 2014); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) (concluding that lack of prison libraries and delay in receipt of support from North Carolina Prisoner Legal Services did not warrant equitable tolling); Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling).

To the extent petitioner asserts that NCPLS interfered with the timely filing of his § 2254 petition, ineffective assistance of counsel generally does not warrant equitable tolling. See Rouse, 339 F.3d at 248 (stating that, generally, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable

tolling") (citations omitted); Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012) ( "If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction ...."); but cf. Holland v. Florida, 560 U.S. 631, 653 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.; Maples v. Thomas, __U.S.__, 132 S.Ct. 912, 922-927 and n.7 (2012) (finding that attorney's abandonment of petitioner constituted cause to overcome procedural default and remarking that distinction between attorney negligence and attorney abandonment should apply equally in equitable tolling context); Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir.2012) ("[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' ... attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship.").

In support of his equitable tolling claim based upon attorney negligence, petitioner submitted letters he received from NCPLS attorneys Farber and Blagrove which informed petitioner that they were reviewing his request for post-conviction assistance and asked that petitioner not file anything on his own behalf. Petitioner, however, does not provide any evidence to suggest that NCPLS mislead him with respect to any particular deadline, misrepresented that it actually filed any motion

or petition on his behalf, or that it in fact would provide petitioner representation. Further, the record reflects that petitioner was aware of the post-conviction process and the applicable statutory deadlines. (Resp. (DE 14) Ex. F; Resp't's Mem. Ex. D; Pet. p. 38.) In fact, petitioner ultimately decided, albeit too late, to terminate his relationship with NCPLS, and to proceed with his post-conviction relief *pro se*. There is no indication that petitioner was prevented from taking such action at an earlier date, nor does petitioner identify any obstacle which prevented him from filing a timely § 2254 petition.

Based upon the foregoing, the facts presented in this case fail to rise to the egregious attorney misconduct that the United States Supreme Court in Holland determined may warrant equitable tolling. The facts presented here are in contrast to those presented in Holland, where the court stated particularly:

> To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

Holland, 560 U.S. at 652 Thus, petitioner is not entitled to equitable tolling, and his action is time-barred.

D. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend (DE 13) is GRANTED. Petitioner's motion for production of privileged documents (DE 8) is DENIED. Finally, respondent's motion to dismiss (DE10) is GRANTED, and the petition is DISMISSED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 26th day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge